UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEITH E. BERRY, | CASE NO. C10-5098RBL |
| Plaintiff, | ORDER TO FILE AMENDED COMPLAINT OR SHOW CAUSE |
| v. | |
| STATE OF WASHINGTON, | |
| Defendant. | |

This Civil Rights Action has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrate Judge's Rule MJR3 and MJR4. The Court, having reviewed plaintiff's complaint and the balance of the record contained herein, does hereby find as follows:

Plaintiff's allegations within the complaint call into question the validity of a pending criminal matter. Specifically, plaintiff asks for the following relief, "Take all charges off my record and pay me 1.5 million dollars." Complaint at 4. Plaintiff alleges a detective has presented false information to support an unspecified criminal prosecution. Id. at 3. Plaintiff

ORDER - 1

also states he has filed a writ of habeas corpus related to his complaint. Id. Plaintiff does not state whether or not he has succeeded in obtaining a writ.

In June of 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under §1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 489 (1994). The court added:

> [A] §1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id.

Plaintiff's claims call into question the legality of what appears to be a pending criminal matter. Plaintiff must first raise these claims in the state court action, or, possibly, in a petition for writ of habeas corpus -- not a §1983 civil rights claim for money damages. Although plaintiff states that he has filed a writ of habeas corpus, he does not provide any evidence that he was successful in obtaining a writ. Therefore, the §1983 complaint for monetary damages is premature.

Additionally, review of the complaint reveals that plaintiff has named only one defendant – the State of Washington. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). In general, the State of Washington is not a proper defendant to claims brought by prisoners alleging civil rights violations. States often enjoy Eleventh Amendment immunity from such lawsuits. Quern v. Jordan, 440 U.S. 332, 344-45 (1979). A state is not "person" within the meaning of § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-66 (1989).

Based on the forgoing findings, it is hereby ORDERED that **by no later than March 31, 2010**, plaintiff shall either file an amended complaint, curing, if possible, the above noted deficiencies, or show cause why this matter should not be summarily dismissed. If an amended complaint is not timely filed or if plaintiff fails to adequately respond, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

The Clerk is directed to send plaintiff a copy of this Order and the General Order

DATED this 22nd day of February, 2010.

_____
J. Richard Creatura
United States Magistrate Judge