UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEITH E. BERRY,<br><br>           Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON, *et al.*,<br><br>           Defendants. | Case No.  C10-5098RBL<br><br>REPORT AND RECOMMENDATION<br><br>NOTED May 28, 2010 |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

Plaintiff filed a Complaint on February 2, 2010, seeking dismissal of criminal charges and monetary damages.  Plaintiff alleged he was wrongfully being charged with a crime and that Detective Wade was lying in order to support his arrest and confinement.  The Complaint also alleges that plaintiff was given a plea offer, allowing him to go home after having already served sufficient time.  Complaint (Doc. 4 at 3).

REPORT AND RECOMMENDATION- 1

On March 22, 2010, the court reviewed the Complaint and found it deficient. The court explained in an order to show cause that plaintiff's allegations necessarily challenged the fact and/or duration of his current confinement and that such allegations must be first brought in a petition for habeas corpus. The court also noted that the only named defendant, the State of Washington, was an improper defendant. See Doc. 5.

In response to the court's order, plaintiff filed an Amended Complaint. Doc. 6. The Amended Complaint states:

> All charges was dropped after 22 months. Det. Linsay Wade lyed and had me taken from a Min. to a Max. correction center because charges pending  The State brought charges up after the fact, statute of limitation ran-out, plus so-called victims gave a name (full) and description of suspect. Det. Wade lyed and said I told her I was the sole driver of the car. I'd put in a habeas corpus plus other motions. The state was well aware of the time. Almost a four year old case. I was never a suspect and the state never bought in the suspect James when [illegible]. They tried to support this case with a new case, 21 months later finding out I didn't do the new case. My habeas corpus on 1-22-10 was to be heard. I was released on 2-22-10.

Amended Complaint (Doc. 6) at 3. The Amended Complaint names the following defendants, State of Washington, Prosecuting Attorney Lori Kasiman, and Detective Linsay Wade. Plaintiff seeks monetary damages and to "make sure these charges (old) never be brought up in court."

After reviewing the matter, the undersigned recommends summary dismissal for failure to state a claim.

## DISCUSSION

The court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d) when the complaint fails to state a claim or when the complaint, on its face, contains a complete defense to the action. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the

REPORT AND RECOMMENDATION- 2

conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

### 1) Plaintiff's Claims Are Barred By Heck v. Humphrey

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' Id. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

Here, plaintiff has been released from jail. It clearly appears he was detained on criminal charges and he was released on a plea negotiation. Significantly, plaintiff's claims for monetary damages necessarily calls into question the validity of his arrest and time served in jail, approximately twenty-two months. Plaintiff is clearly seeking monetary compensation for the belief that he was wrongfully confined, but that is undermined by his early statement that he was

REPORT AND RECOMMENDATION- 3

provided a plea deal and was then released having served his time.  In sum, it is clear to this court that this matter includes allegations that cannot be considered because they challenge a judgment that has not been invalidated by the state court or a federal court through habeas corpus or similar porceeding.

### *2)* *Plaintiff Has Named Improper Defendants*

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint.  Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).  States often enjoy Eleventh Amendment immunity from such lawsuits.  Quern v. Jordan, 440 U.S. 332, 344-45 (1979).  A state is not "person" within the meaning of § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-66 (1989).

The court earlier explained to plaintiff that the State of Washington was not a proper defendant.  Nonetheless, the Amended Complaint includes the State of Washington as a defendant.  Due to Eleventh Amendment immunity, the Court should dismiss plaintiff's claims and allegations against the state.

The Amended Complaint also names the prosecuting attorney involved in his criminal case.  Plaintiff does not explain this individual personally participated in the alleged constitutional deprivation.  Moreover, prosecutors are entitled to absolute immunity from liability for damages under § 1983.  Imbler v. Pachtman, 424 U.S. 409, 427 (1976).  Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity."  Kalina v. Fletcher, 522 U.S. 118 (1997).  "If the prosecutor acts as an advocate 'in initiating a prosecution and in presenting the State's case,' absolute immunity is warranted."

REPORT AND RECOMMENDATION- 4

Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 678 (9th Cir. 1984) (*quoting* Imbler, 424 U.S. at 430-31).

The State of Washington and Lori Kasiman, the prosecuting attorney, are improperly named as defendants, and the Court should dismiss plaintiff's claims and causes of action brought against these two defendants on these grounds, as well.

### 3) *When Confined An Inmate Or Pretrial Detainee Is Not Entitled To Any Particular Custody Status*

Plaintiff alleges Detective Wade presented false information, resulting in his transfer from a minimum security unit to a maximum security facility or division of the jail. Plaintiff does not present any other claim against Detective Wade.

There is no specific constitutional right to a particular custody status within prison population. Hewitt v. Helms, 459 U.S. 460, 467-68 (1983). An inmate does not have a right to be free from the confines of a maximum security unit. Smith v. Noonan, 992 F.2d 987 (9th Cir. 1993).

Plaintiff does not present an actionable claim based on his alleged transfer from one unit to another while in custody. Accordingly, this sole claim against Detective Wade should be dismissed on this alternative ground, as well.

### CONCLUSION

Based on the foregoing, plaintiff's claims and causes of action should be DISMISSED. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit

REPORT AND RECOMMENDATION- 5

1 imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 28, 2010,**

2 as noted in the caption.

3     Dated this 30th day of April, 2010.

*[signature]*

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 6